**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ESME A. RAMIREZ,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.** |
| | § | **5:18-cv-553** |
| | § | |
| **LIBERTY LIFE ASSURANCE** | § | |
| **COMPANY OF BOSTON,** | § | |
| **Defendant** | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

Liberty Life Assurance Company of Boston wrongfully terminated Esme Ramirez's long-term disability benefits.

## I. PARTIES

1. Plaintiff Esme Ramirez is a resident of Helotes, Bexar County, Texas.

2. Defendant Liberty is an insurance company licensed to do business in Texas and can be served with citation by serving its agent for service of legal process Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## II. JURISDICTION AND VENUE

3. This lawsuit is a claim for disability benefits provided by an ERISA welfare benefit plan brought under 29 U.S.C. §1132(a)(1)(B). This court has

jurisdiction over this claim for disability benefits under 29 U.S.C. §1132(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Venue is proper in the Western District of Texas, San Antonio Division, in accordance with 29 U.S.C. 1132(e)(2) as the disability benefit payment obligations under the plan are to Ramirez at her home in San Antonio, Texas.

## III. STATEMENT OF FACTS

4. Esme Ramirez worked as a service representative for USAA. At the time that she became disabled, her job title was Financial Foundation Sr. Specialist. She started working with USAA in 2003. Her job was to assist USAA members with insurance products and services.

5. Chronic pain and lack of mobility from rheumatoid arthritis in her lumbar spine, left hip, hands, and both knees prevented her from performing her job responsibilities for USAA after April 13, 2013.

6. By virtue of her employment with USAA, Ramirez had short-term disability (STD) and long-term disability (LTD) coverage. The LTD coverage is an employer-sponsored group benefit plan administered and underwritten by Liberty.

7. Ramirez's first day of disability was April 13, 2013. Due to her severe symptoms of rheumatoid arthritis, she was promptly approved for STD benefits, which were paid for the maximum period of 180 days. Beginning October 10, 2013 Liberty approved Ramirez for LTD benefits. On September 24, 2013, the

Social Security Administration approved her claim for Social Security disability benefits.

8. Although the symptoms of Ramirez's arthritis did not improve, Liberty determined that she was no longer disabled after December 8, 2016. Liberty sent Ramirez a letter dated December 8, 2016, notifying her that her LTD benefits were terminated.

9. Ramirez timely appealed Liberty's denial. With her appeal she provided additional medical records that supported her claim for continued LTD benefits after December 8, 2016 due to her severe impairments.

10. Despite the medical evidence of her continued disability and the disability finding by the Social Security Administration, Liberty denied her appeal by letter dated May 4, 2017, indicating that she was capable of returning to full-time work as of December 9, 2016.

**Exhaustion of Appeal Requirements**

11. Ramirez exhausted her appeal rights as required by the policy and ERISA claims regulations.

**Liberty's Decision Was Contrary to a Preponderance of the Evidence, or, in the Alternative, Was an Abuse of Discretion**

12. If the standard of review of Liberty's decision is determined to be de novo, the default standard of review for ERISA benefit denials, then Liberty's decision to deny Ramirez LTD benefits was contrary to the preponderance of the evidence. If Liberty is found to have been granted proper discretionary authority

by the plan that allows for an abuse of discretion standard of review, Liberty's decision to deny Ramirez LTD benefits was an abuse of that discretion.

13. In the alternative, even if there is language in the policy or plan-related documents that is interpreted to grant Liberty discretion, such discretionary language is unenforceable as to Ramirez's claim because it is a violation of Texas law to seek enforcement of a discretionary clause in a disability policy against an insured living in Texas. Texas Insurance Code, §1701.062, and 28 Texas Administrative Code §§3.1201-3.1203. This anti-discretionary statute and its accompanying regulations are not preempted by ERISA.

14. Ramirez's LTD benefits should have continued after December 8, 2016. The LTD plan entitles her to 60% of her pre-disability pay less applicable offsets. Social Security disability benefits are an applicable offset. Ramirez earned approximately $4549.96 per month prior to her disability. Her gross LTD benefit is $2729.98 per month ($4549.96 x .6). Her base Social Security disability benefit was $1832 per month (cost of living increases awarded by the Social Security Administration are not an offset). As a result, her net monthly LTD benefit from Liberty after offset is $897.98.

15. Since Liberty's decision to deny Ramirez LTD benefits resulted in Liberty saving money, as the carrier was both the decision-maker and the underwriter of benefits, Liberty acted under a conflict of interest when it decided Ramirez's claim and her appeal. If abuse of discretion is determined to be the

proper standard of review, this conflict of interest should be considered as a factor by this Court in determining whether or not Liberty abused its discretion.

## IV. CAUSE OF ACTION UNDER ERISA

**Claim for Disability Benefits**

16. Since Liberty wrongfully terminated her LTD benefits as of December 9, 2016 Ramirez seeks to recover her disability benefits from December 9, 2016 to the present under the authority of 29 U.S.C. §1132(a)(1)(B) of ERISA.

## V. RELIEF REQUESTED

17. Ramirez is entitled to LTD benefits in the amount of $897.98 per month beginning December 9, 2016. As of August 9, 2018, Ramirez is entitled to the sum of $17,959.60 in back benefits ($897.98 x 20 months). Ramirez requests these back benefits as well as additional monthly benefits that accrue after August 9, 2018 but during the pendency of this litigation at the rate of $897.98 per month.

## VI. ATTORNEY'S FEES

18. Ramirez prays for her attorney's fees and costs under 29 U.S.C.A. 1132(g).

## CONCLUSION

Wherefore, premises considered, Ramirez requests back benefits in the amount of $17,959.60 plus monthly disability benefits that accrue after August 9, 2018 but while this case is pending at the rate of $897.98 per month. She also requests her attorney's fees, for pre-judgment interest at the maximum rate

allowed by law, post-judgment interest, and for such other and further relief, both at law and in equity, to which she may show herself to be justly entitled.

Respectfully Submitted,

**Law Office of Jeffrey E. Dahl**
The Travis Building
405 N. St. Mary's Street, Suite 242
San Antonio, Texas 78205
(210) 527-0900 (Telephone)
(210) 527-0901 (Facsimile)
jdahl@erisaattorneyintexas.com

By: *__/s/ Jeffrey E. Dahl*
**Jeffrey E. Dahl**
**State Bar No. 05310900**
**Attorney for Plaintiff Esme Ramirez**